# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

METROPOLITAN PROPERTY              )
AND CASUALTY INSURANCE CO.,  )
                                                        )
                    Plaintiff              )
v.                                              )                    Civil No. 2:12-CV-151-NT
                                                        )
SUSAN MCCARTHY and               )
GLYNIS DIXON MCCORMACK,      )
                                                        )
                    Defendants.         )

## OPINION AND ORDER ON
## CROSS-MOTIONS FOR SUMMARY JUDGMENT

This case comes before the Court on the Plaintiff's and Defendant McCormack's cross-motions for summary judgment (ECF Nos. 15 & 26). For the reasons that follow, the Plaintiff's motion for summary judgment is denied and Defendant McCormack's motion for summary judgment is granted.

### Introduction

Defendant Susan McCarthy brought a complaint in York County Superior Court against Defendant McCormack alleging that McCormack's ward sexually and physically abused McCarthy's son. At all times relevant to the McCarthy complaint, McCormack held a homeowner's insurance policy with Metropolitan Property and Casualty Insurance Co. (Metropolitan).

Metropolitan brought this action against both McCormack and McCarthy seeking a declaratory judgment that Metropolitan has: (1) no duty to defend

McCormack in the McCarthy suit, (2) no duty to indemnify McCormack for any judgment in the McCarthy suit, (3) no obligation to indemnify McCormack for her costs and fees incurred in defense of the McCarthy complaint, and (4) no obligation in any reach-and-apply actions under 24-A M.R.S.A. § 2904 for any judgment obtained by McCarthy. Compl. for Declaratory Relief 7 (ECF No. 1). Metropolitan and McCormack's cross-motions for summary judgment followed.

## Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Ordinarily when a party moves for summary judgment, the Court goes beyond the facts alleged in the pleadings and considers the discovery materials in the record, including depositions, documents, and affidavits, to determine whether there is a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(c). In a duty to defend declaratory judgment action, the Court decides as a matter of law whether the insurer has a duty to defend the insured in the underlying lawsuit. *Mitchell v. Allstate Ins. Co.,* 36 A.3d 876, 879 (Me. 2011). This determination is based solely on the Court's comparison of the allegations in the underlying complaint with the insured's insurance policy. *Id.* On a motion for summary judgment in a duty to defend case, the Court goes beyond the parties' pleadings but only to look at these

two documents. Here, the parties agree on the relevant complaint and the relevant insurance policies.[1]

<b>Relevant Law</b>

An insurance company's duty to defend its policyholders in lawsuits brought against them is construed very broadly. *Mitchell,* 36 A.3d at 879. "Whether an insurer has a duty to defend is determined by comparing the provisions of the insurance contract with the allegations in the underlying complaint. If there is *any* legal or factual basis that could be developed at trial, which would obligate the insurer to pay under the policy, the insured is entitled to a defense." *J.A.J., Inc. v. Aetna Cas. & Sur. Co.,* 529 A.2d 806, 808 (Me. 1987). The insurance company's duty to defend is based "exclusively on the facts as alleged rather than on the facts as they actually are." *Am. Policyholders' Ins. Co. v. Cumberland Cold Storage Co.,* 373 A.2d 247, 249 (Me. 1977).

> [T]he duty to defend is broader than the duty to pay or indemnify. Whereas the duty to defend depends only upon the facts as alleged to be, the duty to indemnify, i.e. ultimate liability, depends rather upon the true facts. Thus it is not uncommon that an insurer will have a duty to defend based on the allegations in the complaint, yet have no subsequent duty to indemnify the insured.

*Id.* at 250.

"Because the duty to defend is broad, any ambiguity in the policy regarding the insurer's duty to defend is resolved against the insurer . . . ." *Mitchell,* 36 A.3d at 879. "An insurer may properly refuse to defend a policyholder if the allegations of the complaint fall entirely within a policy exclusion." *Id.* at 880. But, "[e]xclusions

---

[1]    There are four insurance policies covering 2006-2007, 2007-2008, 2008-2009, and 2009-2010. The pertinent provisions of the policies are identical.

and exceptions in insurance policies are disfavored, and are construed strictly against the insurer." *Foremost Ins. Co. v. Levesque,* 868 A.2d 244, 246 (Me. 2005) (internal citation omitted).

## Factual Background

### A. McCarthy Complaint

The McCarthy complaint is brought individually and on behalf of McCarthy's son, MM, against McCormack individually and as guardian of ZC. It alleges that in 2007, MM stayed at McCormack's house in Eliot, Maine during February school vacation and was physically, psychologically, and sexually abused by ZC. The complaint alleges that the sexual and physical abuse continued on a regular and repeated basis between February of 2007 and April of 2009. The complaint alleges that in August of 2007, McCormack became aware that ZC had abused another minor child. McCarthy asserts three causes of action against McCormack: (1) negligent supervision, (2) assault and battery, and (3) breach of fiduciary duty.

### B. McCormack's Insurance Policy

McCormack's homeowner's insurance policy with Metropolitan provides liability insurance for "**bodily injury** and **property damage** to others for which the law holds **you** responsible because of an **occurrence** to which this coverage applies." Pl.'s Compl. Ex. B, at 28 (Doc. No. 1-2).[2] The policy provides that: "**We** will defend **you**, at **our** expense with counsel of **our** choice, against any suit seeking these damages. **We** may investigate, negotiate, or settle any suit. **We** are not

---

[2]   Defined terms are highlighted in bold in the policy. The Court retains the bold font when it quotes the policy.

obligated to defend any claim or suit seeking damages not covered under this policy." *Id.*

The policy defines "bodily injury" as "any physical harm to the body including any resulting sickness or disease." *Id.* at 6. But: "**Bodily injury** does not include . . . the actual, alleged or threatened sexual molestation of a person . . . ." *Id.* The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the term of the policy." *Id.* at 7.

The policy excludes from its liability coverage: "**Intentional Loss. We** do not cover **bodily injury** or **property damage** which is reasonably expected or intended by **you** or which is the result of **your** intentional and criminal acts or omissions." *Id.* at 28.

The policy also excludes from liability coverage:

> **Abuse. We** do not cover **bodily injury** caused by or resulting from the actual, alleged or threatened sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse of a person. This exclusion applies whether the **bodily injury** is inflicted by **you** or directed by **you** for another person to inflict sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse upon a person.

*Id.* at 32.

The policy also defines "you" and "your" as:

> 1.    the person or persons named in the Declarations and if a resident of the same household:
>> A.    the spouse of such person or persons;
>> B.    the relatives of either; or
>> C.    any other person under the age of twenty-one in the care of any of the above . . . .

*Id.* at 7.

## Discussion

The Plaintiff claims that it has no duty to defend McCormack because the McCarthy complaint does not allege an occurrence causing bodily injury, the policy's exclusion for abuse applies, and the policy's exclusion for intentional loss applies.

### A. Duty to Defend

#### 1. "Bodily Injury" Caused By An "Occurrence"

The policy defines bodily injury as "any physical harm to the body" but not "the actual, alleged or threatened sexual molestation of a person." In addition to sexual abuse allegations, McCarthy's complaint alleges that MM was "otherwise physically abused" by ZC, that ZC "physically beat" MM, and that ZC "violently and forcefully struck [MM] in the abdomen." Pl.'s Compl. Ex. E ¶¶ 9, 11, 21 (ECF No. 1-5). These facts, if proven, would fall under the policy's "bodily injury" definition.

The policy defines an occurrence as "an accident." The complaint alleges that MM was injured because McCormack negligently failed to supervise ZC, warn McCarthy about ZC, or protect MM from ZC, despite her knowledge after August of 2007 that ZC had abused another child. Pl.s' Compl. Ex. E. ¶¶ 12-13, 17, 18. The Law Court's opinion in *Hanover Ins. Co. v. Crocker,* 688 A.2d 928 (Me. 1997) is dispositive. In that case, Mary Crocker brought a complaint against her father and mother, Thomas and Ngoclien Crocker, alleging that her father abused her and Ngoclien saw the abuse but failed to protect Mary from her father. The Crockers'

insurance company refused to defend Ngoclien in the suit because Mary did not allege an "occurrence," which was defined in the Crockers' homeowner's insurance policy as "an accident." The Law Court held that the insurance company did have a duty to defend Ngoclien Crocker because:

> The complaint alleges "negligent" conduct by Ngoclien in that she had knowledge that the abuse had occurred and negligently failed to protect Mary from any further abuse. The general rule is that injuries resulting from negligent conduct are considered "accidental" and not "expected or intended" and that those injuries are therefore caused by an occurrence within the language of the homeowner's policy. . . . The negligent conduct of Ngoclien alleged in Mary's complaint falls within the meaning of an accident, and accordingly is an occurrence within the language of Hanover's policy.

*Crocker,* 688 A.2d at 930-31. The McCarthy complaint's allegations that MM was physically injured because of McCormack's negligent supervision are allegations of "bodily injury" caused by an "occurrence" that fall within McCormack's policy's grant of coverage.

### 2.  The Exclusions

The Plaintiff claims that the facts alleged in the McCarthy complaint trigger both the policy's exclusion for abuse and the exclusion for intentional conduct. The Defendants respond that the abuse and intentional conduct exclusions do not apply because the McCarthy complaint does not allege that ZC was an insured under the policy. Alternatively, if ZC was an insured under the policy, the Defendants argue that policy's use of the term "you" as used in the exclusions is ambiguous.

### a.  Abuse Exclusion

The abuse exclusion excludes liability coverage for:

> **bodily injury** caused by or resulting from the actual, alleged or threatened sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse of a person. This exclusion applies whether the **bodily injury** is inflicted by **you** or directed by **you** for another person to inflict sexual molestation or contact, corporal punishment, physical abuse, mental abuse or emotional abuse upon a person.

Pl.'s Compl. Ex. B, at 32.

The Plaintiff's first argument is that "you," as defined by the policy,[3] includes ZC. All of MM's bodily injury was caused by either sexual molestation or physical abuse perpetrated by ZC, so under the Plaintiff's argument, this provision excludes all of the facts alleged in the McCarthy complaint from coverage. Defendants respond that because the McCarthy complaint does not allege that ZC resided with McCormack, ZC does not fall within the policy's definition of "you," and the abuse exclusion does not apply to him.

The Defendants have the better argument. The complaint alleges that McCormack is ZC's guardian, that ZC is a minor, and that both McCormack and ZC live in Eliot, Maine. Pl.'s Compl. Ex. E ¶¶ 2, 4. But the complaint does not allege that ZC lived with McCormack. It is, of course, possible, even likely, that ZC, who was twelve when the abuse began, was a resident of McCormack's household. But, under the allegations of the complaint, it is also possible that ZC was not resident of

---

[3]     The policy defines "you" and "your" as:

1.      the person or persons named in the Declarations and if a resident of the same household:
    A. the spouse of such person or persons;
    B. the relatives of either; or
    C. any other person under the age of twenty-one in the care of any of the above .
    . . .

Pl.'s Compl. Ex. B, at 7.

McCormack's household. If this were proven, "you" as defined by the policy would not apply to ZC, and any abuse perpetrated by ZC would not be excluded from McCormack's policy's coverage.

In its reply, the Plaintiff changes course and argues that the abuse exclusion "is not limited to abuse perpetrated by person or persons within the definitions of the policy term **you**. . . . The **abuse** exclusion is not in any way limited by the policy definition of the term **you** but is triggered by **abuse** perpetrated by any person." Pl.'s Reply to Def. Glynis Dixon McCormack's Am. Opp'n to Pl.'s Mot. for Summ. J. 4 (ECF No. 34). The Plaintiff interpreted the abuse exclusion differently in its own motion for summary judgment: "The exclusion for **abuse** applies to **abuse** committed by persons included in the policy definition of **you**." Pl.'s Mot. for Summ. J. with Inc. Mem. of Law 9 (ECF No. 15). Language in an insurance policy is ambiguous "if it is reasonably susceptible of different interpretations*." Brackett v. Middlesex Ins. Co.,* 486 A.2d 1188, 1189 (Me. 1985). The Plaintiff's own conflicting interpretations demonstrate that the abuse exclusion is ambiguous with respect to whether it (1) excludes bodily injury either perpetrated by an insured or by a non-insured but at an insured's direction, or (2) excludes all bodily injury caused by abuse no matter the perpetrator.

Under Maine law, ambiguous policy terms are interpreted against the insurer, *Mitchell,* 36 A.3d at 879, and exclusions are read narrowly, *Foremost Ins. Co.,* 868 A.2d at 246.  The McCarthy complaint contains no allegations that ZC resided in McCormack's household, and accordingly, ZC may not be considered an

insured under the policy, which we interpret narrowly to exclude only abuse committed by an insured or directed by an insured.

Because the Court concludes that the complaint does not allege that ZC is an insured, the Court does not reach the parties' arguments about whether "you" as used in the abuse and intentional loss exclusions refers to "the insured" or to "any insured" or "all insureds." *Compare Johnson v. Allstate* Ins. Co., 687 A.2d 642, 644 (Me. 1997), with *Crocker*, 688 A.2d at 931.

### b.  Intentional Loss Exclusion

The policy excludes from coverage "**bodily injury** or **property damage** which is reasonably expected or intended by **you** or which is the result of **your** intentional and criminal acts or omissions." As discussed above, the complaint alleges that ZC acted intentionally and McCormack acted negligently. Because the complaint contains no allegation that ZC resided in McCormack's household, it is possible that he will not fall within the term "you." Because McCormack is alleged to have acted negligently, she does not fall within the intentional loss exclusion.

### B.  Metropolitan's Duty to Indemnify and Obligations Under Any Reach-and-Apply Actions

Metropolitan may not litigate its potential duty to indemnify McCormack before McCormack's liability is determined. *Crocker,* 688 A.2d at 928 n.1. It follows that Metropolitan may not litigate its potential liability in any reach-and-apply action brought by McCarthy for any judgment obtained by McCarthy.

### 3. Attorney's Fees

Both McCormack and McCarthy seek attorney's fees and costs under 24-A M.R.S. § 2436-B(2). "In an action pursuant to Title 14, chapter 707, to determine an insurer's contractual duty to defend an insured under an insurance policy, if the insured prevails in such action, the insurer shall pay court costs and reasonable attorney's fees. 24-A M.R.S.A. § 2436-B(2). McCormack is the prevailing party in this action and so Metropolitan shall pay McCormack's court costs and reasonable attorney's fees. McCarthy is responsible for her own costs and attorney's fees incurred in this action. *See* 24-A M.R.S.A. § 2436-B(4) ("This section may not be construed to . . . create or extend any right or cause of action for a 3rd-party claimant under an insurance policy.").

## Conclusion

The Court **DECLARES** that the Plaintiff has a duty to defend McCormack in the McCarthy suit. The Plaintiff's motion for summary judgment is **DENIED**, Defendant McCormack's motion for summary judgment is **GRANTED**, and the Court **ORDERS** that judgment shall enter in favor of McCormack. Metropolitan shall reimburse McCormack for her costs and reasonable attorney's fees incurred in this action.


SO ORDERED.

Dated this 10th day of June, 2013.

/s/ Nancy Torresen
United States District Judge

11