UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| METROPOLITAN PROPERTY | ) |
| AND CASUALTY INSURANCE CO., | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Civil No. 2:12-CV-151-NT |
| | ) |
| SUSAN MCCARTHY and | ) |
| GLYNIS DIXON MCCORMACK, | ) |
| | ) |
| Defendants. | ) |

**CLARIFICATION OF ORDER**

Pursuant to an order of the First Circuit Court of Appeals dated January 24, 2014, the Court clarifies its June 10, 2013 opinion and order on cross-motions for summary judgment.

On May 4, 2012, Plaintiff Metropolitan Property and Casualty Insurance Company ("**Metropolitan**") filed suit against Susan McCarthy ("**McCarthy**") and Glynis Dixon McCormack ("**McCormack**"), requesting a declaration that it had no duty to defend or indemnify McCormack in a personal injury suit filed by McCarthy against McCormack in the York County Superior Court on February 8, 2012. Although Metropolitan's suit requested a declaration that it had no duty to defend or indemnify McCormack, the complaint alleged only that "[b]ased upon a comparison [*sic*] the factual allegations contained in the McCarthy Complaint with the Metropolitan policies, there is no potential for a recovery by Ms. McCarthy. . . ." Compl.¶ 39. (ECF No. 1). McCarthy's answer to the complaint requested that the

Court dismiss Metropolitan's complaint with prejudice and award McCarthy costs and attorneys' fees in defending the matter. McCarthy Answer 6 (ECF No. 7). McCormack's answer did not state any counterclaims but requested judgment from the Court declaring that Metropolitan must defend and indemnify McCormack in McCarthy's suit, and requested an award of costs and attorney's fees incurred in defense of Metropolitan's suit. McCormack Answer 6 (ECF No. 8). But McCormack's cross-motion for summary judgment requested only a declaration that Metropolitan has a duty to defend her in McCarthy's suit, and did not request a declaration of Metropolitan's duty to indemnify McCormack. McCormack Cross Motion for Summ. J. 1 (ECF No. 26).

Based on these pleadings, it is the Court's understanding that Metropolitan's request for a declaration that it had no duty to indemnify McCormack was based solely on its claim that it had no duty to defend McCormack. *See, e.g., Penney v. Capitol City Transfer, Inc.*, 707 A.2d 387, 389 (Me. 1998) ("'The duty to defend is broader than the duty to indemnify. . . .'") (quoting *Commercial Union Ins. Co. v. Royal Ins. Co.,* 658 A.2d 1081, 1083 (Me. 1985)). Because the duty to defend is broader than the duty to indemnify, it follows that, if Metropolitan had no duty to defend McCormack, it had no duty to indemnify her. It is likewise the Court's understanding that the relief McCormack was requesting in her cross-motion for summary judgment was limited to a declaration that Metropolitan had a duty to defend McCormack in the McCarthy lawsuit.

> The Maine Law Court has instructed:
>
> To secure the just, speedy and inexpensive determination of an action involving a duty to defend and a duty to indemnify and avoid a duplication of trials requires that courts proceed in the following order: the determination of a duty to defend, then the determination of liability in the underlying action, and finally the determination of the duty to indemnify.

*Penney*, 707 A.2d at 389; *Am. Policyholders' Ins. Co. v. Cumberland Cold Storage Co.*, 373 A.2d 247 (Me. 1977) (where there is a duty to defend, the indemnification obligation depends upon the theory under which judgment is entered in the underlying action).

When Metropolitan filed this declaratory judgment action, the underlying lawsuit had only recently been filed. The Court is unaware whether the underlying lawsuit has since proceeded to settlement or judgment. But because it would have been inappropriate for this Court to determine Metropolitan's duty to indemnify when the lawsuit was filed, and because the parties never amended their pleadings to introduce claims or evidence regarding Metropolitan's duty to indemnify, the suit currently on appeal before the First Circuit did not encompass this issue. The Court clarifies its view that Metropolitan's suit was fully resolved by the Court's June 10, 2013 opinion and order finding that Metropolitan had a duty to defend McCormack in the McCarthy suit.

SO ORDERED.

/s/ Nancy Torresen  
United States District Judge

Dated this 28th day of January, 2014.