UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| METROPOLITAN PROPERTY AND | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) No. 2:12-cv-151-NT |
| | ) |
| SUSAN McCARTHY, et al., | ) |
| | ) |
| *Defendants* | ) |

### RECOMMENDED ENTRY OF FINAL JUDGMENT AND DENIAL OF MOTION TO AMEND ANSWER AND ORDER ON MOTIONS TO SUBSTITUTE PARTY AND ENLARGE TIME

As contemplated during my July 9, 2014, teleconference with the parties, *see* ECF No. 61 at 2, defendant Susan McCarthy has filed a motion to substitute herself for co-defendant Glynis Dixon McCormack, a motion to amend her answer to assert a counterclaim, and a motion to enlarge time to permit her to file simultaneous applications for attorney fees incurred in this action and in a related state-court action, *see* Defendant's Motion To Amend Answer To Add Counterclaim ("Motion To Amend") (ECF No. 66); Defendant Susan McCarthy's Motion To Substitute a Party ("Motion To Substitute") (ECF No. 62); Defendant's Motion for Enlargement of Time ("Motion To Enlarge") (ECF No. 65). For the reasons that follow, I recommend that the court enter final judgment in this case and deny the Motion To Amend, and I deny the Motion To Substitute and grant the Motion To Enlarge.

### I. Motion To Amend

McCarthy moves pursuant to Federal Rule of Civil Procedure 15(a) to amend her answer to add a counterclaim against plaintiff Metropolitan Property and Casualty Insurance Company ("Metropolitan") for breach of contract, a "reach and apply" claim pursuant to 24-A M.R.S.A

1

§ 2904, and unfair claims settlement practices. *See* Motion To Amend; Defendant Susan McCarthy's [Proposed] Amended Answer and Counterclaim ("Proposed Amended Answer") (ECF No. 66-1), attached thereto.

McCarthy alleges that (i) on February 8, 2012, she filed a personal injury lawsuit in the Maine Superior Court, York County, on behalf of herself and her son, MCM, against McCormack, individually and as guardian of ZC (the "State Suit"), (ii) McCormack tendered the defense of that suit to Metropolitan, her homeowner's insurer, and (iii) Metropolitan notified McCormack that there was no coverage and that it had no duty to defend against McCarthy's claims. *See* [Proposed] Counterclaims, commencing on page 5 of Proposed Amended Answer, ¶¶ 8, 10.

On May 4, 2012, Metropolitan filed the instant action, seeking a declaratory judgment that it had no duty to defend or indemnify McCormack for McCarthy's claims. *See* ECF No. 1. On June 10, 2013, this court entered an order granting McCormack's cross-motion for summary judgment and denying that of Metropolitan. *See* ECF No. 44. On June 19, 2013, Metropolitan filed a notice of its appeal of that decision to the First Circuit. *See* ECF No. 48.

McCarthy alleges that, by order dated December 9, 2013, the Maine Superior Court approved a settlement in the State Suit that included the assignment to the McCarthys of all of the McCormacks' rights in the Metropolitan policies. *See* Proposed Counterclaims ¶¶ 14-16.[1] She asserts that, as part of the settlement, the parties also stipulated to a consent judgment. *See id*. ¶ 17.

On January 24, 2014, the First Circuit requested clarification from this court "as to the disposition of all claims in the case[,]" noting that the briefing raised the question of whether it had appellate jurisdiction because, although the court had granted McCormack's motion for summary judgment, "it did not explain how it was treating the indemnification claim." ECF No.

---

[1] McCormack's husband was joined as a party in the State Suit. *See* Proposed Counterclaims ¶ 9.

53. On January 28, 2014, this court issued a clarification, stating that this court understood that Metropolitan's request for a declaration that it had no duty to *indemnify* McCormack was based solely on its claim that it had no duty to *defend* McCormack, and "the suit currently on appeal before the First Circuit did not encompass this issue [indemnification]." ECF No. 54 at 2-3. This court added that it "clarifie[d] its view that Metropolitan's suit was fully resolved by the Court's June 10, 2013 opinion and order finding that Metropolitan had a duty to defend McCormack in the McCarthy suit." *Id*. at 3.

On June 5, 2014, the First Circuit affirmed the court's order on the parties' cross-motions for summary judgment. *See* ECF No. 56. The First Circuit stated in a footnote:

> Before oral argument, we raised a question about our appellate jurisdiction because Metropolitan originally had sought a declaration that it had no duty to defend <u>or</u> indemnify McCormack, and the district court's order, consistently with McCormack's motion for summary judgment, addressed only the duty to defend. The district court subsequently clarified that the lawsuit as litigated did not encompass the issue of Metropolitan's duty to indemnify. Accordingly, there is no bar to our review of the judgment on the duty to defend.

*Id*. at 2 n.1 (emphasis in original)

Metropolitan opposes the motion on the bases that there has been a final judgment ending this case, as a result of which it is too late to amend pleadings, and that two of the claims in the proposed counterclaim, breach of contract (Count I) and unfair claims settlement practices (Count III), were compulsory counterclaims pursuant to Federal Rule of Civil Procedure 13(a) and, hence, have been waived. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion To Amend Answer To Add Counterclaim ("Opposition/Amend") (ECF No. 67) at 2-4; Fed. R. Civ. P. 13(a)(1)(A) ("A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]").

The claims at issue were not compulsory counterclaims. As McCarthy points out, "Federal Rule of Civil Procedure 13 makes compulsory only a claim that the defendant has at the time of service." Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion To Amend Answer To Add Counterclaims ("Reply/Amend") (ECF No. 72) at 3 (quoting *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, 589 F. Supp.2d 84, 88 (D. Me. 2008)). Here, as in *Imperial Cas. & Indem. Co. v. Town of Ayer*, 139 F.R.D. 569 (D. Mass. 1991), the claims that McCormack assigned to McCarthy had not yet matured when both filed answers to Metropolitan's complaint in May 2012. *See* ECF Nos. 7-8; *Imperial*, 139 F.R.D. at 570-71 (insurer's breach of contract claim, predicated on insured's alleged breach of duty of cooperation with respect to settlement opportunities, was not a compulsory counterclaim in insured's state-court declaratory judgment action to establish coverage because it did not mature until underlying lawsuits subsequently were settled). Metropolitan had no duty to indemnify until the entry of the consent judgment in the State Suit in December 2013, and the question of its duty to defend was not finally settled until June 2014.

Nonetheless, as Metropolitan alternatively argues, the grant of the motion to amend is inappropriate. This court clarified that its ruling on the duty to defend was dispositive of all issues in the case, as litigated. McCarthy contends that, in its clarification, the court emphasized that it would have been inappropriate to rule on the duty to indemnify, which was not then ripe. *See* Reply/Amend at 1. She reasons that the issue of the duty to indemnify, therefore, remains a live issue in this case. *See id.* at 1-2. However, the court's observation, in context, supports Metropolitan's position that the court considered this entire case to have been adjudicated. *See* ECF No. 54 at 3 ("[B]ecause it would have been inappropriate for this Court to determine Metropolitan's duty to indemnify when the lawsuit was filed, and because the parties never

amended their pleadings to introduce claims or evidence regarding Metropolitan's duty to indemnify, the suit currently on appeal before the First Circuit did not encompass this issue. The Court clarifies its view that Metropolitan's suit was fully resolved by the Court's June 10, 2013 opinion and order[.]"). With the benefit of that clarification, the First Circuit affirmed the court's decision.

While McCarthy did not move for summary judgment and, hence, the court entered no order as to her, it is apparent that Metropolitan's claims against both defendants were resolved on June 10, 2013. Final judgment, accordingly, should have been entered in the wake of the First Circuit's affirmance, well before McCarthy's filing of the instant motion to amend. I recommend that the court rectify this oversight and enter final judgment now. Should the court agree, I further recommend that it deny the Motion To Amend as untimely. *See, e.g.*, 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1489, at 814 (2010) ("Most courts . . . have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60.") (footnote omitted).[2]

## II. Motion To Substitute

McCarthy also moves, with McCormack's consent and over Metropolitan's objection, to substitute herself for McCormack in view of McCormack's assignment to her of all rights regarding the Metropolitan policies. *See* Motion To Substitute at 3. Metropolitan opposes the

---

[2] Metropolitan suggests, in passing, that the entry of a final judgment counsels in favor of the denial of McCarthy's remaining motions, as well. *See* Opposition/Amend at 3. However, it cites no authority for this proposition, which it does not raise in its oppositions to those specific motions. *See* Plaintiff's Memorandum of Law in Opposition to Defendant Susan McCarthy's Motion To Substitute a Party ("Opposition/Substitution") (ECF No. 69); Plaintiff's Memorandum of Law in Opposition to Defendant Susan McCarthy's Motion for Enlargement of Time ("Opposition/Enlargement") (ECF No. 68). In any event, a claim for attorney fees matures after the entry of final judgment, *see* Loc. R. 54.2, and the motion to substitute has bearing on that remaining claim.

motion on the bases that substitution is unnecessary and the assignment is invalid. *See* Opposition/Substitution at 2-4.

Metropolitan argues that the purported assignment is without legal force and effect because McCormack neglected to obtain its consent to the assignment, as is required by the relevant clause in its policies. *See id.* at 3-4. As McCarthy rejoins, *see* Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion To Substitute a Party ("Reply/Substitution") (ECF No. 70) at 2, such clauses generally do not invalidate an assignment made after a loss has been incurred, *see, e.g., Sable Cove Condo. Ass'n v. Owners Ins. Co.*, Civil Action No. 14-cv-00912-MJW, 2014 WL 4398668, at *3 (D. Colo. Sept. 5, 2014) ("The great majority of courts adhere to the rule that general stipulations in policies prohibiting assignments of the policy, except with the consent of the insurer, apply only to assignments before loss, and do not prevent an assignment after loss.") (citation and internal punctuation omitted); *Granja Planalto v. Ohio Cas. Ins. Co.*, Docket No. 07-142-P-H, 2008 WL 2116608, at *12 (D. Me. May 19, 2008) (rec. dec., *aff'd* June 27, 2008) ("Maine law provides that an insured may assign his interest under a policy of insurance after the event giving rise to liability of the insurer on the policy occurs.").

Nonetheless, Metropolitan correctly notes that because McCarthy is already a party, there is no need to substitute her as a party. *See* Opposition at 2.[3] McCarthy protests that Metropolitan fails to offer any suggestion on the manner in which McCormack, who understandably wishes to

---

[3] As Metropolitan suggests, *see* Opposition/Substitution at 2-3, even if McCarthy were not already a party, substitution would not be necessary on account of the transfer of McCormack's interests to her, *see* Fed. R. Civ. P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."); *De Lage Landen Fin. Servs., Inc. v. Miramax Film Corp.*, Civil Action No. 06-2319, 2009 WL 223527, at *1 (E.D. Pa. Jan. 30, 2009) ("By its very terms, Rule 25 does not *require* substitution upon a transfer of interest. Instead, a substitution under Rule 25 is appropriate when a district court, in the exercise of its discretion, finds that such substitution would facilitate the conduct of a case. If the court does not make such a finding, Rule 25 allows the case to be continued against the original party, and any judgment will be binding on the successor in interest, even if the successor is not named in the lawsuit.") (citations omitted) (emphasis in original).

end her involvement in this lengthy legal battle, can be removed from this case. *See* Reply/Substitution at 1. Nonetheless, as the ECF Docket reflects, McCormack was terminated as a party in this case effective June 10, 2013, when the court granted summary judgment in her favor. In addition, as discussed above, I have recommended that final judgment be entered in this case. Nothing further need be done to accomplish the goal of removing her as a party to this case.

### III. Motion To Enlarge

During my July 9, 2014, teleconference with the parties, I set a deadline of August 8, 2014, for the filing of an application for attorney fees incurred in the defense of this action or, in the alternative, a motion to extend time to allow for the filing of simultaneous attorney fee applications. *See* ECF No. 61 at 2. I noted that "I encouraged [McCarthy's attorney], as a matter of efficiency, to consider filing simultaneous applications for attorney fees in both the underlying state-court case and this case." *Id.*

McCarthy chose to file a motion to enlarge time, requesting that the court consolidate the timeframe for the filing of an application for attorney fees in this action with that for the filing an application for attorney fees in the State Suit. *See* Motion To Enlarge at 2.

Metropolitan opposes the motion on the bases that "[t]here are a number of legal issues involved with the claim for attorneys' fees incurred in the defense of the McCarthy Complaint by McCormack[,]" for example, that McCormack may have waived her claim for attorney fees by failing to assert a compulsory counterclaim for breach of contract in response to this declaratory judgment action and that the purported assignment of rights may be invalid as a result of McCormack's failure to seek its consent to that assignment, and that there is no reason to delay the filing of any application for attorney fees in this action. *See* Opposition/Enlargement at 2-3.

7

As discussed above, the bid for attorney fees incurred in this action was not a compulsory counterclaim, and McCormack's assignment of rights was not vitiated by failure to obtain Metropolitan's consent to that assignment. Metropolitan identifies no other "legal issues."

Accordingly, I grant the Motion To Enlarge, with the proviso that, following the earlier of the passage of the deadline within which to object to my recommended decision or the court's adjudication of any objection, the Clerk's Office is directed to convene a teleconference with counsel to discuss the status of this case, including the anticipated timing of simultaneous attorney fee applications.

### IV. Conclusion

For the foregoing reasons, I recommend that the court **ENTER** final judgment in this case and **DENY** the motion to amend, and I **DENY** the motion to substitute and **GRANT** the motion to enlarge, with the proviso that following the earlier of the passage of the deadline within which to object to my recommended decision or the court's adjudication of any objection, the Clerk's Office is directed to convene a teleconference with counsel to discuss the status of this case, including the anticipated timing of simultaneous attorney fee applications.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 2nd day of December, 2014.

                                              /s/ John H. Rich III
                                              John H. Rich III
                                              United States Magistrate Judge