## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Docket No. 2:12-cv-151-NT ) |
| SUSAN MCCARTHY and GLYNIS DIXON MCCORMACK, | ) ) ) ) |
| Defendants. | ) |

## ORDER ON MCCARTHY'S ATTORNEY FEE APPLICATION

Before the Court is Defendant Susan McCarthy's application for attorneys' fees ("**Att'y Fee Appl.**") (ECF No. 84). For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

In February of 2012, Defendant Susan McCarthy filed suit against Defendant Glynis Dixon McCormack in York County Superior Court, alleging that McCormack's ward sexually and physically abused McCarthy's son. Compl. and Demand for Jury Trial (ECF No. 1-5). In May of 2012, Plaintiff Metropolitan Property and Casualty Insurance Company ("**Metropolitan**") filed suit against McCormack and McCarthy in this Court, seeking a declaratory judgment that it had no duty to defend McCormack in the state court action. Compl. for Declaratory Relief ("**Compl.**") (ECF No. 1). In June of 2013, I ruled that Metropolitan did have a duty to defend McCormack in the underlying state court action. Order on Cross-Mots. for Summ. J.

(ECF No. 44). Metropolitan appealed that decision to the First Circuit. Notice of Appeal (ECF No. 48).

While this federal duty to defend suit was pending on appeal, McCormack and McCarthy settled the underlying state court action. Settlement Agreement (ECF No. 84-2). As part of the settlement, McCormack assigned certain rights and claims to McCarthy. Assignment of Rights, Claims, and Causes of Action (the "**Assignment**") (ECF No. 84-3). In December of 2013, the Superior Court entered an order approving the settlement. Order Approving Settlement on Behalf of Minor (ECF No. 84-4). Shortly thereafter, the Superior Court entered a consent judgment against McCormack. Consent J. (ECF No. 84-5). Following the settlement of the underlying action, McCarthy took the laboring oar from McCormack in defending this declaratory judgment action. Mar. 23, 2015 Decl. of Susan McCarthy ¶¶ 9-11 (ECF No. 84-1).

In June of 2014, the First Circuit affirmed my order that Metropolitan had a duty to defend McCormack in the underlying state court action. *See Metropolitan Prop. & Cas. Ins. Co. v. McCarthy*, 754 F.3d 47 (1st Cir. 2014). In August of 2014, McCarthy moved in this Court to: (1) substitute herself as a party for McCormack; (2) amend her answer to add counterclaims against Metropolitan; and (3) enlarge time to file simultaneous applications for attorneys' fees in both this federal declaratory judgment action and the underlying state court action. Mot. to Substitute a Party (ECF No. 62); Mot. to Amend Answer to Add Countercl. (ECF No. 66); Mot. for Enlargement of Time (ECF No. 65). With respect to the contemplated

counterclaims, McCarthy sought to bring three claims against Metropolitan: (1) breach of the Metropolitan insurance contract in failing to defend and refusing to indemnify McCormack in the underlying state court action; (2) "reach and apply" under 24-A M.R.S. § 2904 such that McCarthy could reach the proceeds of McCormack's Metropolitan insurance policies to satisfy the state court judgment; and (3) unfair claims settlement practices under 24-A M.R.S. § 2436-A(1)(E) for Metropolitan's alleged failure to effectuate a prompt, fair, and equitable settlement of claims submitted, upon which liability had become reasonably clear. Proposed Am. Answer & Countercls. 7-9 (ECF No. 66-1).

In February of 2015, I adopted Judge Rich's recommended decision (1) denying McCarthy's motion to substitute herself as a party; (2) denying McCarthy's motion to add counterclaims; and (3) granting McCarthy's motion to enlarge the timeframe for filing applications for attorneys' fees. Recommended Entry of Final J. & Denial of Mot. to Amend Answer & Order on Mots. to Substitute Party and Enlarge Time ("**Rec. Entry of Final J.**") (ECF No. 73); Order Affirming Recommended Decision ("**Order Affirming Rec. Entry of Final J.**") (ECF No. 75).

## LEGAL STANDARD

Under the so-called "American Rule," ordinarily each party to litigation pays its own attorneys' fees. *OneBeacon Am. Ins. Co. v. Johnny's Selected Seeds, Inc.*, No. 1:12-cv-375-JAW, 2014 WL 1569517, at *12 (D. Me. Apr. 17, 2014). This default rule may be altered by statute, contract, or common law authorization. *Id.*

3

Under Maine law, there is a fee-shifting statute for certain declaratory judgment actions involving insurance policies. Title 24-A M.R.S. § 2436-B(2) instructs that "[i]n an action pursuant to Title 14, chapter 707 to determine an insurer's contractual duty to defend an insured under an insurance policy, if the insured prevails in such action, the insurer shall pay court costs and reasonable attorney's fees." This right to fees is personal to the insured. 24-A M.R.S. § 2436-B(4) ("This section may not be construed to permit any assignment of rights by an insured to any other person or to create or extend any right or cause of action for a 3rd-party claimant under an insurance policy.").

Maine common law also establishes a fee-shifting regime in duty-to-defend cases. Its purpose is to "place the insured in a position equally as good as the insured would have occupied had the insurance contract been fully and properly performed from the beginning." *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1355 (Me. 1996). Under Maine common law,

> [A]ttorney fees are available to the insured only when the insurer resists a duty to defend that is clear from the policy and the pleadings filed against the insured . . . . In determining whether a duty to defend is clear, the insurer will be held to recognize Maine law prevailing at the time of the insured's request for defense.

*Id.*

Section 2436-B does not preempt Maine's common law on fee shifting in insurance coverage suits. *Pro Con, Inc. v. Interstate Fire & Cas. Co.*, 831 F. Supp. 2d 367, 372 n.4 (D. Me. 2011); *Centennial Ins. Co. v. Patterson*, No. 07-cv-63-DBH, 2009 WL 2175763, at *3 (D. Me. July 21, 2009). And in fact, fee-shifting rights under Maine's common law are in some respects broader than the fee-shifting rights under

4

§ 2436-B. *See, e.g., Pro Con, Inc.*, 831 F. Supp. 2d at 372 n.4 (holding that a corporation could recover fees under Maine common law as a prevailing insured, despite § 2436-B's limitation to "natural persons").

## DISCUSSION

In the present motion, McCarthy requests: (1) McCormack's fees from this federal declaratory judgment action; (2) McCarthy's fees from this federal declaratory judgment action; and (3) McCormack's fees from the underlying state court action. Att'y Fee Appl. 4-14; McCarthy's Reply to Metropolitan's Opp'n to McCarthy's Appl. for Att'y Fees 9-10 ("**McCarthy's Reply**") (ECF No. 92)

## I.   McCormack's Fees in the Declaratory Judgment Action

As the prevailing insured in the duty to defend declaratory judgment action, McCormack is entitled to reasonable attorneys' fees under 24-A M.R.S. § 2436-B(2).[1] Metropolitan does not dispute the reasonableness of McCormack's fees, or the fact that they are owed under § 2436-B, but argues that they should be cut in half because McCormack was a prevailing insured in her individual capacity, but not her guardian capacity. Pl.'s Opp'n to Def.'s Appl. for Att'y Fees 5-6 ("**Pl.'s Opp'n**") (ECF No. 89).

In its motion for summary judgment in this declaratory judgment action, Metropolitan did not ask for any differentiation between McCormack's individual and guardian roles on the duty to defend issue. *See* Pl.'s Mot. for Summ. J. 13 (ECF No. 15) (requesting a declaration that "Plaintiff Metropolitan is under no duty to defend

---

[1]   McCormack has assigned her right to these attorneys' fees to McCarthy. *See* Assignment ¶ 1.

5

Defendant Dixon McCormack with respect to the McCarthy Complaint."). Accordingly, my Order on the duty to defend did not distinguish between McCormack's individual versus guardian capacities. *See* Order on Cross-Mots. for Summ. J. 11 (declaring "that the Plaintiff has a duty to defend McCormack in the McCarthy suit."). Metropolitan has not pointed to any authority supporting its *post hoc* request for differentiation between McCormack's roles in order to limit her reimbursement of attorneys' fees. Accordingly, McCormack is entitled to be made whole for the full amount of attorneys' fees incurred defending Metropolitan's declaratory judgment action.[2]

## II.   McCarthy's Fees in the Declaratory Judgment Action

McCarthy asserts that because McCormack assigned her rights and claims under the Metropolitan policies to McCarthy, McCarthy may also recover the fees McCarthy incurred in this declaratory judgment action pursuant to 24-A M.R.S. § 2436-B. Metropolitan resists, arguing that the assignment did not make McCarthy "an insured" for purposes of § 2436-B, a statute which does not create rights for non-insured, third-party claimants. Pl.'s Opp'n 9-10. I decline to resolve whether Metropolitan or McCarthy has the better argument with respect to § 2436-B, because McCarthy is entitled to her fees in this declaratory judgment action under Maine's common law.

---

[2]      McCormack was represented in the declaratory judgment action by Monaghan Leahy, LLP and incurred $19,561.44 in fees. Joint Statement of Facts ¶¶ 5-6 & Ex. B (ECF Nos. 85, 86-1).

In *Bucci v. Essex Ins. Co.*, 323 F. Supp. 2d 84, 94 (D. Me. 2004), *aff'd*, 393 F.3d 285, 292 (1st Cir. 2005), the court held that under Maine's common law, an underlying action plaintiff/assignee was entitled to the attorneys' fees he incurred pursuing a duty to defend action against an underlying action defendant/assignor's insurance company. The court in *Bucci* reasoned that Maine's common law on fee-shifting for duty to defend cases

> [I]s broad enough to permit the inclusion of third-party victim's attorney fees within the insurer's obligation to pay the insured's attorney fees necessary to enforce the insured's rights under its policy where the third party has incurred fees to enforce the insured's rights while standing in the position of the insured under an assignment of rights.

*Bucci*, 323 F. Supp. 2d at 94. The case at bar is indistinguishable from *Bucci* on the issue of attorneys' fees. Here, as in *Bucci*, the underlying action plaintiff (McCarthy) seeks attorneys' fees as an assignee of the underlying action defendant (McCormack) from the insurance company in breach of its duty to defend (Metropolitan).

Under the reasoning in *Bucci*, attorneys' fees are available to McCarthy; the next question is whether they are owed. As described above, under Maine common law, "attorney fees are available to the insured only when the insurer resists a duty to defend that is clear from the policy and the pleadings filed against the insured . . . ." *Gibson*, 673 A.2d at 1355. As my previous order described, in order to determine whether an insurer has a duty to defend, the court compares the insurance contract to the allegations in the complaint, and evaluates whether "there is any legal or factual basis that could be developed at trial, which would obligate the insurer to pay under the policy . . . ." Order on Cross-Mots. for Summ. J. 3. And as the First Circuit explained, any ambiguities in the policy are resolved in favor of finding a duty to

7

defend the insured. *Metropolitan Prop. & Cas. Ins. Co.*, 754 F.3d at 50. In light of this standard, which places a firm thumb on the scale in favor of insureds, and for the reasons described in my previous Order and the First Circuit's affirmance of the same, I find that Metropolitan's duty to defend McCormack in the underlying action was clear. Thus, Metropolitan owes McCarthy—as McCormack's assignee—the fees McCarthy incurred in this declaratory judgment action after McCormack and McCarthy settled the underlying action.[3]

## III.   McCormack's Fees in the Underlying State Court Action

McCarthy next requests the fees McCormack incurred defending herself in the underlying state court action. In support, McCarthy points out that courts may award "necessary or proper relief" under the Declaratory Judgment Act, even if that relief was not requested by counterclaim or came after judgment was entered. McCarthy's Reply 3 (citing 28 U.S.C. § 2202). While it is true that 28 U.S.C. § 2202 is not a fee-shifting statute, it may operate as such in the duty-to-defend context. *See Sec. Ins. Co. of New Haven v. White*, 236 F.2d 215, 220 (10th Cir. 1956) (awarding attorneys' fees under § 2202 for fees incurred in *both* the declaratory judgment action and the underlying action); *Nat. Indem. Co. v. Harper*, 295 F. Supp. 749, 757-58 (W.D. Mo. 1969) (same); *see also Mercantile Nat. Bank at Dallas v. Bradford Tr. Co.*, 850 F.2d 215, 218 n.9 (5th Cir. 1988) (noting an exception to the rule that § 2202 does not provide statutory authority to award otherwise-unavailable attorneys' fees for

---

[3]     McCarthy was represented in the declaratory judgment action by Verrill Dana, LLP and incurred $23,526.49 in fees on the merits and $18,709.00 in fees in the pursuit of fees. Joint Statement of Facts ¶¶ 5-6 & Ex. B; Apr. 27, 2015 Aff. of Michael J. Donlan & Ex. A (ECF Nos. 92-1, 92-2).

coverage suits where "if not for the insurer's improper failure to defend, the insured would not have had to incur attorney's fees in either the principal litigation or in the declaratory judgment action.").

Metropolitan resists the award of attorneys' fees in the underlying action by pointing out that McCormack/McCarthy never counterclaimed against Metropolitan in this declaratory judgment action. In fact, McCarthy was specifically denied the opportunity to bring a breach of contract claim against Metropolitan. *See* Rec. Entry of Final J. 1-5, 8; Order Affirming Rec. Entry of Final J. 1. Thus, Metropolitan reasons, an award of attorneys' fees in the underlying action would compensate McCarthy for an unasserted claim.[4]

The lack of a breach of contract claim is not fatal to McCarthy's request for attorneys' fees in the underlying action. A declaration that an insurer has breached its duty to defend inherently constitutes a finding that the insurer breached the insurance contract. *See Gibson*, 673 A.2d at 1354-55 ("When it is an insurer's clear duty to defend and the insurer wrongfully refuses to do so on the ground that the claim upon which the action against the insured is based is not within the coverage of the policy, the insurer is guilty of a breach of contract . . . ."); *Auto Europe, LLC v. Conn. Indem. Co.*, 321 F.3d 60, 63 n. 1 (1st Cir. 2003) (quoting *Auto Europe, LLC v.*

---

[4]     Metropolitan also challenges this Court's Article III jurisdiction over what it labels "an unasserted claim for attorneys' fees" in the underlying action. Pl.'s Opp'n 4. This argument is a non-starter. This Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(i), the power to declare the rights and responsibilities of the parties arising under the insurance policies pursuant to 28 U.S.C. § 2201(a), and the authority to grant "[f]urther necessary or proper relief based on a declaratory judgment . . . against any adverse party whose rights have been determined by such judgment" pursuant to 28 U.S.C. § 2202.

*Conn. Indem. Co.*, No. 01-271-P-H, 2002 WL 475123, at *8 (D. Me. Mar. 28, 2002)) (approving lower court's observation that " 'it necessarily follows that, if a duty to defend exists and the insurer has refused to provide a defense, the contract has been breached.' "). And while McCarthy may have styled the portion of her motion requesting fees in the underlying action as one for further relief under § 2202,[5] rather than as an application for attorneys' fees, that potential mislabeling is not fatal to the motion.

Moreover, in this declaratory judgment action, Metropolitan asked this Court to determine "its obligation to defend . . . McCormack." Compl. 1. I determined Metropolitan did have a duty under the policy to defend McCormack. The attorneys' fees McCormack incurred in the underlying action as a result of Metropolitan's failure to defend thus constitute "necessary or proper relief based on [the] declaratory judgment." 28 U.S.C. § 2202.[6] Such relief is consistent with Maine common law in duty to defend cases, where the purpose of damages is to "place the insured in a position equally as good as the insured would have occupied had the insurance contract been fully and properly performed from the beginning." *Gibson*, 673 A.2d at 1355; *see also Union Mut. Fire Ins. Co. v. Inhabitants of the Town of Topsham*, 441 A.2d 1012, 1017, 1019 (Me. 1982) (leaving trial court's award of attorneys' fees from underlying action intact); *Jackson v. N.E. Ins. Co.*, No. cv-07-178, 2009 WL 6898164

---

[5]     *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 571-74 (5th Cir. 2005); *Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17, 25-26 (2d Cir. 1998).

[6]     No § 2202 hearing is necessary because: (1) McCarthy has waived it; (2) Metropolitan concedes that McCormack incurred fees defending herself in the underlying action; and (3) the parties have stipulated that the fees requested are fair and reasonable.

(Me. Super. Ct. Sept. 8, 2010) (ordering payment of fees incurred in underlying action); *Centennial Ins. Co.*, 2009 WL 2175763, at **1, 3-4 (same). Thus, Metropolitan owes McCarthy—as McCormack's assignee—the fees McCormack incurred in the underlying state court action.[7]

## CONCLUSION

For the reasons stated above, the motion is **GRANTED**. Metropolitan is **ORDERED** to pay McCarthy: (1) the $19,561.44 McCormack incurred defending this declaratory judgment action; (2) the $42,235.49[8] McCarthy incurred defending this declaratory judgment action and (3) the $27,596.20 McCormack incurred defending the underlying action.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 15th day of September, 2015.

---

[7]     McCormack was represented in the underlying action by Childs, Rundlett, Fifield & Alshuler, LLC and Thompson, Bull, Furey, Bass & MacColl, LLC and incurred $27,596.20 in fees. Joint Statement of Facts ¶¶ 2, 5 & Ex. B.

[8]     This figure includes the $23,526.49 McCarthy incurred on the merits and the $18,709.00 McCarthy incurred seeking fees.